2WICKER, Judge.
The defendant, Peter Council (Council), was charged by bill of information with violating La.R.S.14:67.10 for committing theft of goods from a K-Mart store valued at over five hundred dollars. The jury found the defendant guilty as charged. The trial judge sentenced the defendant to serve four years imprisonment at hard labor with credit for time served. Subsequently, the state filed a multiple offender bill of information alleging that the defendant was a second felony offender. On the same day, the defendant denied the allegations contained in the multiple offender bill of information. At the multiple offender hearing the defendant was advised of his constitutional rights and he stipulated to the allegations contained in the multiple offender bill of information. The trial court adjudicated the defendant a second felony offender, vacated the previous sentence, and sentenced the defendant to serve an enhanced sentence of five years imprisonment at hard labor to run concurrent with any other sentence. The defendant was given credit for time served.[1] Council now appeals.
On appeal the defendant argues the verdict was contrary to the law and evidence presented at trial. He does not dispute the facts of the ease except for the value of the goods that were shoplifted from the K-Mart store. In particular, the defendant argues that the state was |sunable to prove that the value of the items shoplifted that date exceeded $500.
Juliette Berkel (Berkel) testified she was employed as a security officer at K-Mart on February 20, 1997, the date of the incident. Berkel testified that she personally compiled a list of the stolen merchandise and the respective retail prices. She testified that the total value of the merchandise was five hundred forty-two dollars and ninety-two cents ($542.92).[2] She explained that she arrived at that total by using the store’s sean- *1285 ner, or “R.M.U.,” which is a device that scans bar codes of merchandise and provides the appropriate retail value.
The defendant argues that the state had to prove none of the items were on sale that date since Berkel admitted that if sale prices had not been entered into the computer, the scanner would not provide the correct decreased price. However, she also testified she double-checked the items as did her manager and that the figure was accurate. That testimony as to the accuracy of the amount was uncontraverted.
Although defense counsel attempted to question Berkel relative to sale items reflected in a circular published three months after the incident, this line of questioning was objected to by the state. The trial judge sustained the objection. There is no indication in the record that any of the items taken were on sale the date of the incident. We find no merit to this assignment of error.
In our review for errors patent we find that the trial judge failed to properly advise the defendant of the prescriptive period for post-conviction relief as mandated by La.Code Crim. Proc. art. 930.8(C). The trial judge erred in advising the defendant that the three-year period for applying for post conviction relief ran from date of sentencing rather than from the date the conviction and sentence became final. We remand for the trial judge to send the defendant appropriate written notice of the correct starting date and to file proof in this record that said notice was sent and received. The trial judge is ordered to inform Council of the provisions of this article by sending appropriate written notice to him within 10 days of this opinion and to file written proof in this record that Council received this notice.
| .¡Accordingly, the defendant’s conviction and sentence are affirmed; however, the matter is remanded with the instructions as noted above.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.

. The defendant states in a footnote that he believes the trial judge’s failure to mention that he be given credit for time served and that his sentence be served with or without hard labor constitute errors patent. The transcript reveals the trial judge sentenced the defendant to five years at hard labor and that he be given credit for time served. The commitment signed by the trial judge on August 29, 1997 gives the defendant credit for time served and does sentence him to imprisonment at hard labor. We And no merit to these allegations of alleged errors patent.

. Berkel identified State Exhibit Number 2 as a photograph of all of the misappropriated merchandise and a placard bearing the merchandise's total retail value. State Exhibit Number 2 *1285 reflects that the aggregate value of the stolen merchandise totaled five hundred and forty-two dollars and ninety-two cents ($542.92), although Berkel later testified that the exhibit reflected that the aggregate value of the stolen merchandise totaled five hundred forty-two dollars and ninety-seven cents ($542.97). The five-cent disparity is not raised as an issue on appeal.