904 So.2d 830 (2005)
STATE of Louisiana
v.
Denise WILLIAMS.
No. 05-KA-59.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
*831 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
The Defendant, Denise Williams, appeals from her conviction of theft of goods valued at between one hundred and five *832 hundred dollars, in violation of La. R.S. 14:67.10. We affirm and remand.
The Defendant was charged on August 15, 2003 with the offense and tried on October 21, 2003 by a jury. She was convicted, as charged. Her subsequent motion for new trial was denied on October 23, 2003. After waiving the statutory delays, she was sentenced to two years imprisonment at hard labor. The Defendant made an oral motion to reconsider sentence, which the trial court denied.
On October 23, 2003, the State filed a habitual offender bill of information, alleging eleven predicate felony convictions. An admit/deny hearing was held on that day and the Defendant denied the State's allegations. On July 7, 2004, a habitual offender hearing was conducted. At the conclusion of the State's case as part of a plea agreement, the Defendant admitted being a fourth felony offender. The trial judge accepted the Defendant's admission, found her to be a fourth felony offender, vacated her original sentence and imposed an agreed-upon enhanced sentence of eight years imprisonment at hard labor. She subsequently appealed.
David Singleton (Singleton), a loss prevention agent employed by K-Mart at 2940 Veterans Highway in Metairie, was on duty the day of the theft. His job duties included watching for shoplifters using television monitors and floor observation. He works in plainclothes so that he is not identifiable as a store employee. On the afternoon of August 6, 2003, Singleton observed the Defendant in the store. She was nervously looking around and appeared to be searching for security cameras. Singleton observed the Defendant move from one department to another, putting items into her shopping cart without examining them. When she encountered sales associates, she walked the other way. The items she placed in her cart included pillows, underwear, cameras, chair pads, beauty products, bath towels, and mini blinds. Singleton followed the Defendant around the store for approximately one hour. Finally, the Defendant pushed her basket to the front of the store. She left it there three times while she went back among the store aisles, returning to the cart with more merchandise. During this time, she watched the customer service counter, and nervously looked around.
Singleton testified that the store has two sets of doors, separated by a vestibule area. Some of the doors are automatic. Under K-Mart's security policy, once a subject passes all of the cashiers and the customer service counter, and goes through the first set of doors without paying for merchandise, he or she is to be stopped. In this case, Singleton watched as the Defendant pushed her cart past the cashier stations and pushed open a door without any attempt to pay for the merchandise in her cart. Singleton approached the Defendant and identified himself. He escorted her to the store's loss prevention office, where he telephoned the Jefferson Parish Sheriff's Office (JPSO) to report the incident. The Defendant did not have any cash on her person, nor did she have any identification. She told Singleton that her name was Denise Jones. To determine the value of the merchandise, Singleton had a sales associate take the items to a cash register and scan their bar codes. The items and their prices were printed on a receipt, totaling $231.26. At trial, Singleton identified a photograph that he had taken of the merchandise found in the Defendant's shopping cart.
JPSO Deputy Timothy Stierwald responded to the shoplifting complaint. He went directly to the store's loss prevention office where he found Singleton and the *833 Defendant. Singleton had placed the Defendant in handcuffs and advised her of her rights. The Defendant was screaming and cursing. Singleton recounted the incident to the deputy and gave a written statement. The deputy testified that the Defendant did not have identification or cash. She did have a credit card, but when he contacted the credit card company, he learned that it had been reported lost. Pursuant to the credit card company's instructions, he destroyed the card. Singleton also showed him the stolen merchandise and the receipt, and gave him a photograph of it.
The Defendant initially told the deputy that her name was Denise Jones. She admitted her real name, Denise Williams, after the deputy told her that she would be charged with injuring public records, a felony, if he learned she was lying about her identity.
On appeal, the Defendant asserts that the evidence was insufficient to prove her guilt. The Defendant argues that the State failed to prove that she had the intent to leave the premises with the store's merchandise.
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Bailey, 04-85, p. 4 (La.App. 5th Cir.5/26/04), 875 So.2d 949, 954-955, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476. When the trier-of-fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. Bailey, 04-85 at 4, 875 So.2d at 955. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. State v. Marcantel, 00-1629, p. 9 (La.4/3/02), 815 So.2d 50, 56; Bailey, 04-85 at 5, 875 So.2d at 955.
Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372, 378 (La.1982). In cases involving circumstantial evidence, La.R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." A different test is applied on appellate review. In State v. Mitchell, 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 83, the Louisiana Supreme Court stated:
On appeal, the reviewing court "does not determine whether another possible hypothesis suggested by a the Defendant could afford an exculpatory explanation of the events." ... Rather, the court must evaluate the evidence in a light most favorable to the state and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt....
(Citations omitted; emphasis in the original).
See also: State v. Ingram, 04-551 (La. App. 5th Cir.10/26/04), 888 So.2d 923, 925-926.
To support a conviction for theft of goods valued at between $100 and $500, the State is required to prove (1) that the Defendant misappropriated or took, (2) a thing of value, (3) that belonged to another, and (4) that she had the intent to deprive the owner permanently of that *834 which was misappropriated or taken. La. R.S. 14:67.10; State v. Green, 02-883, p. 5 (La.App. 5th Cir.1/28/03), 839 So.2d 286, 288, writ denied, 03-0848 (La.10/31/03), 857 So.2d 474. Additionally, the State is required to prove the value of the stolen property, since the determination of the severity of the offense and the degree of punishment upon conviction depend upon the value of the stolen goods.
Theft is a crime of specific intent. Id. Specific intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). Specific intent may be inferred from the circumstances of a transaction and from the actions of the accused. Further, specific intent is a legal conclusion to be resolved by the finder-of-fact, and a review of that determination is governed by the Jackson standard. Green, 02-883 at 5, 839 So.2d at 288; State v. Coleman, 02-345, p. 4 (La.App. 5th Cir.9/18/02), 829 So.2d 468, 471.
The Defendant argues that her behavior did not support an inference that she intended to permanently deprive the store of its merchandise. She points out that she did not attempt to conceal the merchandise that she was accused of taking, nor did she take it out of the store. However, her intent can be inferred from her behavior.
Singleton testified that he had specialized training in detecting shoplifters, and that Defendant's behavior fit the criteria of a shoplifter. Singleton followed the Defendant around the store over the course of an hour, watching her put items into her shopping cart at random. Singleton did not lose sight of the Defendant during that time. The Defendant did not pause to consider the prices, colors, or other features of the merchandise before putting them in the cart. All the while, she nervously looked around, as if watching for security cameras and store personnel. The fact that the Defendant had no apparent means of paying for the merchandise also goes to intent. The Defendant had no cash on her person and she had a credit card that had been reported lost. She clearly did not intend to pay for the goods.
In addition, although the Defendant did not leave the store with the merchandise, her actions were sufficient to constitute theft. She took the cart full of merchandise past all of the cashier stations and to the exit without attempting to pay. She opened one of the exit doors by pushing it with the cart, thereby setting off the store's theft detection alarm.
In State v. Herrera, 98-677 (La.App. 5th Cir.2/10/99), 729 So.2d 75, the defendant attempted to leave a store with merchandise without paying. This Court found that it was possible to infer the requisite intent from testimony that the merchandise was concealed in a handbag in the defendant's possession. In State v. Ballay, 99-906 (La.App. 5th Cir.1/28/97), 757 So.2d 115, writ denied, 00-0908 (La.4/20/01), 790 So.2d 13, witnesses testified that the defendant attempted to exit a store with merchandise without paying. Again, we found that it was possible to infer the requisite intent from the testimony that the merchandise was concealed in a shopping bag in the defendant's possession. In both Herrera and Ballay, the defendants were apprehended after passing the cashier stations, but before completely exiting the store.
The Defendant also complains that the State offered the testimony of only one eyewitness, Singleton.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for *835 a requisite factual finding. State v. Parent, 01-50, p. 7 (La.App. 5th Cir.5/30/01), 788 So.2d 685, 689. It is not the function of the appellate court to evaluate the credibility of witnesses, nor to overturn the trial court on its factual determination of guilt. Id. Thus, viewing the evidence in the light most favorable to the prosecution in this case, we find that any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Frazier, 03-1219, p. 8 (La.App. 5th Cir.3/30/04), 870 So.2d 1075, 1079; writ denied 04-1290 (La.10/29/04), 885 So.2d 584.
According to the transcript, the trial judge advised the Defendant that she had two years from the date her sentence becomes final to file for post-conviction relief. This Court has held that the failure to advise a defendant that the prescriptive period runs from the time her conviction and sentence become final is incomplete. State v. Grant, 04-341 (La.App. 5th Cir.10/26/04), 887 So.2d 596, 598 (citing State v. George, 99-887 (La.App. 5th Cir.1/4/00), 751 So.2d 973, 975) (emphasis as found in the original). Although the commitment reflects that the notice included the terms "conviction and sentence," when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Thus, we will remand the case with an order for the trial judge to advise the Defendant by written notice within 10 days of the rendering of this opinion that she has two years from the date her conviction and sentence become final to file her application for post-conviction relief, and then to file written proof in the record that the Defendant received the notice.
Next, the commitment corresponding to the Defendant's original sentencing incorrectly reflects that she was found guilty by the judge. We will remand for the trial judge to amend the commitment to reflect that the Defendant was found guilty after a jury trial.
The Defendant's habitual offender sentence is illegally lenient in two respects: the eight year term is less than the mandatory minimum sentence of twenty years under La. R.S. 15:529.1(A)(1)(c)(i), and the trial judge failed to impose restrictions on probation and suspension of sentence as required by La. R.S. 15:529.1(G). This Court need not correct the latter, as the provisions of La.R.S. 15:529.1(G) are self-operating under La.R.S. 15:301.1. State v. Wiley, 03-884, pp. 24-25 (La.App. 5th Cir.4/27/04), 880 So.2d 854, writ denied, 04-1298 (La.10/29/04), 885 So.2d 585.
Although the Defendant's eight year term is illegally lenient on its face, the trial judge noted that he was deviating from the mandatory minimum sentence under State v. Dorthey, 623 So.2d 1276 (La.1993). Dorthey provides that a judge may impose a sentence below the statutory minimum if he finds that the minimum term makes "no measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeless imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." Dorthey, 623 So.2d at 1280. After our review, we find the trial judge did not abuse his discretion in deviating from the mandatory sentence in light of his reasons and the State's agreement to the sentence.
Accordingly, the Defendant's conviction of theft of goods valued between one hundred and five hundred dollars, the finding that she is a fourth felony offender and her enhanced sentence are affirmed. The *836 case is remanded for the trial judge to advise the Defendant by written notice within 10 days of the rendering of this opinion that she has two years from the date that the conviction and sentence become final to file her application for post-conviction relief, then to file written proof in the record that the Defendant received the notice. The case is also remanded for correction of the commitment to reflect that the Defendant was tried by a jury.
CONVICTION, FINDING AS A FOURTH FELONY OFFENDER, AND ENHANCED SENTENCE AFFIRMED; CASE REMANDED.