SUSAN M. CHEHARDY, Judge.
| gLeroy Banks appeals his conviction of theft of goods. We affirm, but remand for correction of a minor patent error.
On July 1, 2003, the Jefferson Parish District Attorney filed a bill of information against Leroy Banks, charging him with theft of goods valued at between $100.00 and $500.00, a violation of La.R.S. 14:67.10. At arraignment on July 2, 2003, the defendant pleaded not guilty. Following a trial on August 26, 2004, a six-member jury returned a verdict of guilty as charged. On September 24, 2004, the defendant filed a pro se motion for post verdict judgment of acquittal or new trial, which the trial court denied. On the same day, after waiving all delays, the defendant was sentenced to six months in Jefferson Parish Prison, to run concurrently with any other sentence and with credit for time served. Defendant filed a timely appeal.[1]
The State subsequently filed a habitual offender bill alleging that the defendant was a second offender. However, the hearing was never held and the habitual offender proceeding is not before us in this appeal.

\?,FACTS

At trial, eyewitness Gregory Miller testified that while at the Wal-Mart on Veterans in Jefferson Parish, he saw a man who brushed close to him. He saw this man take a shopping cart with a box in it, and aggressively push his way past a cashier, who was trying to stop him, on his way out of the store. Miller identified the defendant in court as that man. Miller testified that he immediately went inside to get a police officer, who was just inside the store. He informed the officer that there *1061 was a shoplifter, and he described the shoplifter as a black man. He saw the officer go into the parking lot and draw his gun on the defendant.
Tammy Schmitt testified she heard yelling and screaming, and then looked over to see a man running out of the store with a DVD player. As he ran to a car in the parking lot, he yelled, “Open the trunk.” Schmitt identified the defendant as the man she had seen. Another man who was in the car to which the defendant ran ignored him, so the defendant opened the trunk himself and put two boxes inside. Schmitt testified the defendant told the other man in the car “Let’s go. Let’s go. The police are coming.” However, the other man got out of the car, and told the defendant he was not getting involved. Schmitt testified she listened to the conversation between the defendant and the other man because they were parked right next to her. When the police arrived, they ordered the defendant to get out of the car, but he refused at first. Eventually, however, he got out of the car. Schmitt said she saw the police retrieve two boxes from the trunk, as the manager also looked in the trunk.
Officer Matthew Bonura of the Jefferson Parish Sheriffs Office identified the defendant as Leroy Banks, the man he arrested at Wal-Mart on June 14, 2003. Officer Bonura testified he was working an off-duty detail at the Westgate Shopping Center, which included Wal-Mart. While patrolling inside Wal-Mart, he |4was alerted by a shopper that a person had pushed “some property” out of the store in a shopping cart. He found a car parked in the fire lane with the defendant, in the driver’s seat, arguing with a white male standing in the open door of the driver’s side.
After a confrontation in which the defendant initially refused to get out of the vehicle, the defendant complied by exiting the vehicle, and was placed under arrest. Officer Bonura testified he removed two DVDs from the trunk of the vehicle.
Jerome George testified he was the daytime manager at the Wal-Mart when Banks was arrested for the theft. He was shown the two VCR/DVD combos taken by Banks, and testified their value was “a little bit over $300.” He said he determined the value by scanning the items, and printing a training, false, or simulated receipt. George testified this was the system used when someone was apprehended with store merchandise. George admitted he had neither the receipt that had been generated nor the exact dollar figure, but that the value given was the regular sale value of the combos. He stated he was not aware of a sale on the items at that time.
Using the system, as well as interviewing a cashier, George was also able to determine that the two VCR/DVD combos were not purchased during the time frame of the theft. He testified that the cashier in the area did not ring up a sale for these items to anyone. George testified that he also reviewed a surveillance tape of the incident.
The defendant, Leroy Banks, III, testified he was at Wal-Mart at approximately 12:30 p.m. and he saw Mr. Lauer, a person known to him, in the Wal-Mart parking lot. He asked for a ride home, because they lived on the same block. The defendant testified that Lauer told him to hurry up, because the police |Bwere about to come. He turned around and a police officer had a gun pointed at him. The defendant testified that the police got the keys from Lauer, opened his trunk, then let Lauer go and took him into the store. The defendant testified that he never went into the Wal-Mart, and never stole anything.

*1062
ASSIGNMENT OF ERROR NUMBER ONE

The defendant asserts that the evidence on the value of the items was insufficient. He contends that the State failed to prove that the value of the objects stolen beyond a reasonable doubt, because the State erred in failing to present the testimony of the victim or owner of the property, but instead relied upon an “hourly assistant,” who merely estimated the value of the two VCR/DVD combos to be more than $300. The defendant argues that the store’s employee admitted that he did not see the offense, and therefore all of this information was hearsay.
The State argues that it proved the value of the items taken through the testimony of the Wal-Mart store manager, Jerome George, summarized above. The State contends there is no legal basis for the defendant’s argument that they were required to present the testimony of the victim or owner of the property that was taken.
Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential....
La.R.S. 14:67.10(A).
The standard for appellate review of the sufficiency of evidence is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime beyond a | ¿reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).
To support a conviction for theft of goods valued at between $100 and $500, the State is required to prove that the defendant (1) misappropriated or took (2) a thing of value (3) that belonged to another, and that (4) he had the intent to deprive the owner permanently of that which was misappropriated or taken. State v. Williams, 05-59 (La.App. 5 Cir. 5/31/05), 904 So.2d 830, 833-834. In addition, the State is required to prove the value of the stolen property, since the determination of the severity of the offense and the degree of punishment upon conviction depends upon the value of the stolen goods. State v. Williams, 904 So.2d at 834.
Theft is a crime of specific intent. Id. Specific intent is “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La.R.S. 14:10(1). Id. Specific intent may be inferred from the circumstances of a transaction and from the actions of the accused. Id. Specific intent is a legal conclusion to be resolved by the trier-of-fact. Review of the trier-of-fact’s determination is governed by the Jackson standard. Id.
Because the defendant argues only that the State failed to prove the value of the objects taken, our discussion will be limited to that element of proof.
In State v. Council, 97-1221 (La.App. 5 Cir. 3/25/98), 708 So.2d 1283, 1284-1285, the defendant was charged by bill of information with violating La.R.S.14:67.10 for committing theft of goods valued at over five hundred dollars. The jury found the defendant guilty as charged and, on appeal, he argued that the verdict was contrary to the law and evidence presented at trial. He did not dispute the facts of the case, except for the value of the goods that he shoplifted. The |7defendant claimed that the State was unable to prove that the *1063 value of the items shoplifted that date exceeded $500. He claimed that the State had to prove none of the items were on sale, because the security officer testified that if sale prices had not been entered into the computer, the scanner would not provide the correct decreased price. This Court found that the State met its burden. The store’s security officer testified that she personally compiled a list of the stolen merchandise and the respective retail prices by using the store’s scanner, which is a device that scans bar codes of merchandise and provides the appropriate retail value. She testified that the total value of the merchandise was $542.92. The security officer and her manager double-checked the items, and the figure was accurate. There was no indication in the record that any of the items taken were on sale the date of the incident. This Court found that the testimony as to the accuracy of the amount was uncontroverted.
In the case, before us, like the security guard in State v. Council, Wal-Mart manager Jerome George testified that he determined the value of the two VCR/DVD combos taken by Banks to be “a little bit over $300” by personally scanning the items and printing a simulated receipt. While the store manager did not personally witness the theft, the two VCR/DVD combos were given to him by Officer Bon-ura.
Officer Bonura testified he retrieved the two VCR/DVD combos from the trunk of the ear in which Schmitt saw the defendant place them, after seeing the defendant run out of the store with them into the parking lot. Miller testified he saw the defendant push his way out of the store into the parking lot with the items in a shopping cart without paying. The store manager only testified about the value of the two VCR/DVD combos that he personally scanned to determine their value.
|sThe evidence presented by the State on the value of the items taken was uncontro-verted. When presented with this evidence, the jury reasonably could have found that the State proved the value of the items taken by the defendant.
In addition, although the defendant claims that since a store manager is not a owner/or a victim he is not qualified to determine the value of the stolen merchandise, this Court has previously accepted testimony of store managers and various store employees as evidence to support the value element of La.R.S. 14:67.10. See, State v. Council, supra.
In State v. Yrle, 04-900 (La.App. 5 Cir. 3/29/05), 901 So.2d 470, 474, at trial the store manager identified the property receipt for the items taken that he presented to the investigating officer. The receipt showed that the total value of the items was $181.09. This Court found that the State proved the value of the stolen goods.
In State v. Green, 02-883 (La.App. 5 Cir. 1/28/03), 839 So.2d 286, 287, writ denied, 03-848 (La.10/31/03), 857 So.2d 474, the defendant argued that the State failed to prove the value of the recovered goods. In that case, the stolen items were returned to the store for identification by the store’s assistant manager. The assistant manager testified that after she identified the recovered items, she scanned each one for its retail value, and found that the total value of the items was $ 741.85. This Court found that under these circumstances, the State established, beyond a reasonable doubt, the value of the goods taken.
Considering the above, we find the jury did not err,in finding the evidence sufficiently established the value of the goods taken. We find no merit to this assignment.

*1064
\,ASSIGNMENT OF ERROR NUMBER TWO

The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent, regardless whether the defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). Our review reveals one error patent in this case, in that the September 24, 2003 minute entry and transcript both indicate that the defendant was not informed by the court of the time period for filing an application for post-conviction relief. La. C.Cr.P. art. 930.8(A) states that a defendant has two years after the judgment of conviction and sentence have become final to file for post-conviction relief. Accordingly, we shall remand the case to the trial court for correction of the omission.
For the foregoing reasons, the conviction is affirmed and the case is remanded. The trial court is ordered to inform the defendant of the proper prescriptive period for filing for post-conviction relief by sending appropriate written notice to the defendant and filing written proof in the record that the defendant received the notice.

AFFIRMED AND REMANDED.

. Defense counsel timely filed a motion to appeal, and the defendant filed pro se a motion to appeal and for issuance of an appeal bond, as well as motions for a stay pending appeal, to proceed in forma pauperis, and to obtain the entire record.