TERRI F. LOVE, Judge.
| ¡The defendant, Joseph Parker, was charged with simple burglary. Defendant Parker appeared before the trial court for arraignment and pled not guilty. He filed motions to suppress the evidence and statements, which were denied. The trial court found Defendant Parker guilty. The trial judge conducted a multiple bill hearing and found Defendant Parker to be a triple offender; the trial judge sentenced the defendant to eight years at hard labor for the simple burglary conviction.
Defendant Parker appeals, arguing that the evidence adduced at trial was insufficient to support his conviction and sentence for simple burglary. We find that the State failed to satisfy its burden of proving the elements of simple burglary beyond a reasonable doubt. Further, we do not find that a rational trier of fact could have found the essential elements of simple burglary were proven beyond a reasonable doubt. We therefore reverse the defendant’s conviction and sentence.
| ^FACTUAL AND PROCEDURAL HISTORY
The State of Louisiana charged Joseph Parker (hereinafter “Defendant Parker”) by bill of information with one count of violating La. R.S. 14:62, simple burglary. Defendant Parker appeared before the trial court for arraignment and pled not guilty. The trial court conducted a preliminary hearing and heard motions to suppress evidence and statements. At the close of the hearing, the trial court denied Defendant Parker’s motions and found sufficient probable cause to substantiate a charge of simple burglary.
*536 Defendant Parker elected to waive the jury, and the matter was tried before Judge Raymond Bigelow. The State introduced nine exhibits and presented testimony from three individuals. Defendant Parker introduced no exhibits and presented testimony from one individual. The trial judge found Defendant Parker guilty of simple burglary.
The trial judge held a multiple bill hearing and sentenced Defendant Parker as a triple offender to eight years at hard labor with the Department of Corrections. Defendant Parker appeals his conviction and sentence.
Officer Tiwana Conway testified that on January 24, 2008, she was assigned to the Second District and was on patrol in a marked unit with her partner, Officer Paul Micken, when they arrested Defendant Parker at approximately 8:00 p.m. for simple burglary. Specifically, Officer Conway testified that she and her partner were patrolling in the Holly Grove area of New Orleans when they observed two men pushing a stove with a hand cart off of the porch of a newly built ^condominium complex in the 8400 block of Strolitz Street. Officer Conway testified that she and her partner then pulled their patrol car over and questioned the two men. Officer Conway noted that Defendant Parker stated that the stove was not theirs but that someone paid him and his friend to move the stove to a nearby condominium unit (“unit”). Further, Officer Conway noted that Defendant Parker stated that he did not live in the building and gave an alias as his name to the officers.
After questioning the suspects, Officer Conway went up on the condominium’s porch, noticed that one of the three front doors was unlocked, and then went inside the unlocked unit. Officer Conway noted that the unlocked unit was numbered 8433 Strolitz, the other two doors were locked, and the door to 8433 Strolitz did not appear to have been forced open. Officer Conway noted that the unit was new, empty of furniture and missing a stove. Officer Conway stated that the unit had two bedrooms and that a window in one of the bedrooms had been smashed out with a concrete cinder block. Officer Conway also noted that she observed glass on the floor of the bedroom with the broken window. Officer Conway then exited the building and informed the two men that they were under arrest.
Officer Conway further testified that she later learned the identity of the condominium’s owner and contacted him. While testifying, Officer Conway also identified in court the defendant as one of the two men arrested on the scene, the concrete cinder block she observed on the floor of the bedroom with the broken |4window, and various photographs of the unit, taken on the night of the incident, which depicted the unit, the concrete cinder block, as well as the stove and hand cart.
On cross-examination, Officer Conway admitted that she never witnessed Defendant Parker in the condominium unit. Officer Conway testified that both of the men arrested on the night of the incident told identical stories concerning their reasons for being in possession of the stove. Officer Conway noted that Defendant Parker did not run from the police and exhibited no injuries. Officer Conway noted that she observed no blood in the bedroom with the broken window. Wfliile noting that officers from the Crime Lab were on the scene, Officer Conway did not know whether any attempt was made to dust for fingerprints.
Officer Conway noted that no other vehicle on the street near the unit was identified as belonging to Defendant Parker or his associate. On redirect examination Officer Conway testified that the address *537 given by Defendant Parker was in the neighborhood of the crime scene.
The State introduced the testimony of Officer Paul Micken. Officer Micken testified that on the night of the incident he was on patrol with his partner, Officer Conway, in the Second District. Officer Micken also testified that on the date of the incident he observed Defendant Parker and another man attempting to move a stove on a hand truck off of a porch of a building. Officer Micken testified that he and his partner then stopped Defendant Parker and his associate for questioning. Officer Micken noted that when asked why they were moving the stove, the two | flmen stated that someone had given them a bottle of wine to move the stove to a nearby apartment. Officer Micken added that Defendant Parker and his friend did not produce the bottle of wine or any other form of payment. Officer Micken stated that he contacted the owner of the building and that the owner later arrived at the scene. In court, Officer Micken identified Defendant Parker as one of the two men arrested on the night of the incident. Officer Micken also identified photographs taken on the night of the incident which depict the stove and the exterior of the building where the incident occurred.
On cross-examination, Officer Micken, like Officer Conway, acknowledged that both suspects told similar stories, Defendant Parker did not run away and Defendant Parker did not appear to be injured. Officer Micken could not state whether the Crime Lab was able to lift any fingerprints from the crime scene.
The State’s final witness, Andre Hooper, testified that he is a real estate investor and developer and co-owner of several hundred units in an eight block radius surrounding the site of the incident. Mr. Hooper noted that the complex at issue is comprised of four units that he and his partner owned prior to Katrina, had renovated after Katrina and intended to either sell as condominiums or rent. Mr. Hooper testified that he was contacted at approximately 8:00 p.m. on January 24, 2008, notified that a burglary had been committed at 8433 Strolitz Street and asked to come to the scene of the crime. Mr. Hooper testified that upon arriving, he observed the broken window and noticed that all the appliances had been removed from the unit at issue. Mr. Hooper noted that he had been in the unit several days | ,¡prior to the burglary and that all the appliances were then present. Mr. Hooper testified that: 1) he did not know Defendant Parker; 2) he did not give permission to Defendant Parker to be on his property on the day of the incident; 3) he did not give permission to Defendant Parker to go inside the property at 8433 Strolitz St.; and, 4) he did not give permission to Defendant Parker to remove a stove from the property at 8433 Strolitz Street.
Following the State’s case, Defendant Parker moved for a judgment of acquittal, which the trial court denied after argument from the parties. Defendant Parker called Dwayne Davis to testify. Mr. Davis testified that he and Defendant Parker were friends and had known each other for approximately twenty years. Mr. Davis testified that on the night of the incident he and Defendant Parker were walking to the store when they were approached by a man who asked them if they wanted to make some money by moving a stove off of a nearby porch. Mr. Davis testified that he did not know the man or his name and had never seen him before the night in question. Mr. Davis testified that the man was tall, brown skinned, and with a short hair cut. Mr. Davis explained that when he and Defendant Parker went to move the stove, the man walked down the street. Mr. Davis testified that while he and De *538 fendant Parker waited for the man to return, the police arrived approximately twenty minutes later and began to question them about their actions. Mr. Davis stated that he and Defendant Parker told the police that they were helping a man move a stove, and the man walked up the street and had yet to return.
17Mr. Davis noted that the police never went to look for the unnamed man. Mr. Davis stated that at no time did either he or Defendant Parker enter the premises at 8433 Stroelitz Street or break a window at that address. The police arrested Mr. Davis, along with Defendant Parker, and the State charged both Mr. Davis and Defendant Parker with committing simple burglary. Unlike Defendant Parker, Mr. Davis pled guilty to the charge. At trial, Mr. Davis denied committing the crime and testified that he only pled guilty to avoid a jail sentence. Mr. Davis denied having ever been convicted of any crimes in the past. Mr. Davis also denied the allegation that Defendant Parker gave the police an alias instead of his actual name.
A review of the record reveals no errors patent.
TRIAL JUDGE’S QUESTIONING OF WITNESSES
Defendant asserts that his conviction and sentence should be reversed because the trial court usurped the prosecutor’s role by asking too many questions of the witnesses at trial.
Defendant Parker does not allege that the trial judge was biased against him but he does insinuate that the judge was not a neutral arbiter, though he fails to give a concrete example of this allegation.
Defendant Parker acknowledges that in a bench trial, the trial court may examine a witness in order to bring out needed facts not elicited by the parties. See State v. Burrell, 561 So.2d 692 (La.1990); and State v. Mitchell, 598 So.2d 1271, 1273 (La.App. 4 Cir.1992). The defendant mischaracterizes the record when he |sinsists that his counsel objected to the trial court’s actions at trial. The record reveals that defense counsel did not object to the trial judge’s questions but rather objected to a question from the State’s attorney as being beyond the scope of redirect examination.
The record is devoid of any objection by the defendant to the trial court’s questioning of the witnesses. La.C.Cr.P. art. 841 provides, in part, that an “irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” In State v. Bernard, 358 So.2d 1268 (La.1978), the defendant was convicted of second degree murder. On appeal, the defendant alleged, among other things, as error the fact that the trial judge made two improper remarks, one of which was a question directed toward a witness, which improperly influenced the jury’s deliberations. Id. In disposing of this argument, the Supreme Court cited to La.C.Cr.P. art. 841 and noted that the defendant failed to object to the trial judge’s statements on the record at trial. The Supreme Court concluded that the matter was not properly presented for review on appeal.
As in Bernard, the defendant in the instant matter failed to preserve this alleged error for appeal in that he failed to lodge a contemporaneous objection to the trial judge’s questions at trial. Accordingly, we find this assignment of error without merit.
SUFFICIENCY OF EVIDENCE
Defendant Parker asserts that the evidence adduced at trial was insufficient to support his conviction and sentence for simple burglary. Specifically, | ¡defendant *539 Parker argues that the State failed to prove that he entered the property at issue and thus failed to prove that the defendant committed simple burglary.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. State v. Shaw, 2007-1427, p. 15 (La.App. 4 Cir. 6/18/08), 987 So.2d 398, 408. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. Id. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Id. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
Defendant Parker was convicted of simple burglary which is defined by La. R.S. 14:62(A) accordingly: “Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, moveable or immovable, or any |; (¡cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.” Defendant Parker asserts that his conviction and sentence must be reversed because the State failed to prove that he entered the dwelling at 8433 Strolitz Street, unauthorized or otherwise. The State contends that the direct and circumstantial evidence presented at trial is sufficient to sustain the defendant’s conviction.
Viewing the evidence in the light most favorable to the prosecution establishes the following facts: Officers Conway and Micken observed Defendant Parker and Mr. Davis pushing a stove with a hand truck off the porch at 8433 Strolitz Street. The officers stopped the two men to ask them about their actions. Neither Defendant Parker nor Mr. Davis claimed to live at 8433 Strolitz Street or own the stove. Rather, both men told the officers that an unidentified man flagged them down and offered to pay them, with either wine or cash, to move the stove from the porch of 8433 Strolitz Street to a nearby apartment, and walked away.
Mr. Davis testified that he and Defendant Parker stood waiting on the porch with the stove for approximately twenty minutes before the police arrived. Additionally, the record indicates that Defendant Parker lived at 8634 Apricot Street, which is in the vicinity of 8433 Strolitz Street.
Further investigation by Officer Conway revealed that the front door to 8433 Strolitz Street was unlocked. Accordingly, Officer Conway entered the unit to investigate. After entering, Officer Conway discovered that one of the unit’s bedroom windows had been broken with a concrete cinder block. Officer Conway |nnoted that she observed both broken glass and the cinder block sitting on the floor of the bedroom.
Officers Conway and Micken then contacted one of the unit’s co-owners, Mr. Hooper, who shortly thereafter arrived at *540 the scene. Mr. Hooper testified that when he arrived he noticed that the bedroom window was broken and that all of the unit’s appliances had been removed. Mr. Hooper further testified that he had been in this unit a few days prior to the incident and noticed no broken windows or missing appliances. Moreover, Mr. Hooper testified that he did not know Defendant Parker and he did not give him permission to enter the unit or remove the stove.
The State asserts that the defendant’s unauthorized entry into 8433 Strolitz Street with the intent to commit a theft can be inferred by reason and common experience from the foregoing evidence. Specifically, the State contends that it was reasonable for the trier of fact to infer from the established facts that Defendant Parker and Mr. Davis entered by first smashing out the bedroom window with a concrete cinder block. The State notes that the trial court discounted Mr. Davis’ testimony as not credible.
The evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Williams, 05-59, p. 5 (La.App. 5 Cir. 5/31/05), 904 So.2d 830, 833. When circumstantial evidence is used to prove the commission of the 112offense, La. Rev.Stat. 15:438 provides that “assuming every fact to be proved that the [circumstantial] evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” State v. Vortisch, 00-67, p. 5 (La.App. 5 Cir. 5/30/00), 763 So.2d 765, 768. It is not a separate test from the Jackson standard; rather it provides a helpful basis for determining the existence of reasonable doubt. Id. Both the direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. Id. An appellate court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events. State v. Williams, 05-59 at p. 5, 904 So.2d at 833. Rather, the reviewing court must evaluate the evidence in a light most favorable to the State, and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id.
The record does not contain any direct evidence that Defendant Parker broke the glass window in the unit nor is there any direct evidence that Defendant entered or exited the unit. There were no fingerprints from the burgled premises linking Defendant Parker with the burglary of the unit. Officer Conway testified that Defendant Parker did not flee upon the arrival of the police or make an attempt to flee after their arrival.[1]
| isThe evidence presented at trial by the State to prove its theory that Defendant Parker committed simple burglary of the unit was entirely circumstantial. Essentially, the State posits that Defendant Parker’s presence, along with that of Mr. Davis, and his loading a hand truck with a stove on it from the porch down stairs of the unit constitutes an “unauthorized entering” by Defendant Parker. The owner of the unit testified that all appliances were missing from the apartment, however the owner did not identify the stove on the hand-truck as the stove that was stolen from the apartment. We conclude that the State failed to provide the support neces *541 sary to connect the allegedly stolen stove to unauthorized entry of the unit by Defendant Parker by circumstantial evidence.
We find that the State failed to carry its burden of proof on the “unauthorized entry” element of simple burglary as to Defendant Parker as required by law. The facts established by direct evidence and those reasonably inferred from circumstantial evidence in the matter before us, when viewed in the light most favorable to the prosecution, could not persuade a rational trier of fact that the State proved beyond a reasonable doubt that Defendant Parker made an “unauthorized entry” under La.Rev.Stat. 14:62. Thus, we find the evidence was legally insufficient to convict Defendant Parker of simple burglary.
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are hereby reversed.
REVERSED.

. Evidence of the defendant's concealment and attempt to avoid apprehension are indicative of consciousness of guilt. State v. Davenport, 445 So.2d 1190, 1195 (La.1984).