CLARENCE E. McMANUS, Judge.
 

 | ^Defendant, Cornell Patterson, was convicted of theft of goods valued at $500.00 or more, a violation of LSA-R.S. 14:67.10, and sentenced to five years imprisonment at hard labor. After defendant stipulated to a multiple bill alleging that he was a second felony offender, his original sentence was vacated, and he was sentenced to five years imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant now appeals, alleging that there was insufficient evidence to support his conviction.
 

 The following was adduced at trial. On December 27, 2009, at approximately 8:00 p.m., Gary Levron was working as a Wal-mart asset protection person in the store when he became suspicious of an individual, who he identified in court as defendant. Mr. Levron testified that he noticed that defendant was looking around a lot and “playing” with his clothing (under his shirt and undoing his belt buckle), while close to the liquor aisle. Knowing liquor is a commonly stolen item, Mr. Levron began observing him. Mr. Levron testified that he | ^observed defendant select some liquor
 
 *857
 
 bottles and then put two of the bottles underneath his shirt and place a few more bottles inside of a blue tote. At the time, the lid was off of the tote. The tote was inside of the basket of the motorized cart that defendant was riding on.
 

 Mr. Levron followed defendant into the shoe area of the store and watched defendant select a pair of work boots from the shelf. He testified that he observed defendant put the boots between his feet on the cart. According to Mr. Levron, defendant then went to the clothing area and selected some Saints jerseys, a sweater, and some t-shirts. He put these items in the blue tote and then placed the top on the tote. Defendant then passed two checkout lines and exited -the store through the front doors.
 

 Mr. Levron approached defendant after he had completely exited the store, in accordance with the policy of Walmart. He explained to defendant that he was a Wal-mart associate and that he needed to speak with him about merchandise in his possession. Defendant continued to ride off in the cart and Mr. Levron was forced to turn the cart off. Mr. Levron tried to get defendant to go inside of the store. A detail officer, who was on duty, was outside at the time. Mr. Levron called the officer and notified him of defendant’s actions. The officer arrested defendant, and defendant was brought inside of the store.
 

 Merchandise was recovered from defendant and was given to the Customer Service Manager, who was able to get a total count of the merchandise in his presence. Also, a receipt of the goods, which included the prices that were associated with the goods, was made. Mr. Levron was present at the time, but he was not allowed to use the register. He explained that using the register was in conflict with what he did. The receipt of the merchandise was photographed, and the photograph was presented at trial as State’s Exhibit 1. The date on the receipt |4was December 27, 2009. The receipt included a list of the things recovered from defendant and next to each item was a total for the item. The receipt also included a total amount for the value of the merchandise, which he believed was $645.00. Mr. Levron testified that the photograph was an accurate depiction of the receipt that was made from the register in his presence. Mr. Levron did not bring to trial a photocopy of any of the prices or UPCs from the items.
 

 State’s Exhibit 1, the photocopy of the receipt of goods, reflects that there were 24 items and the subtotal without tax was $600.45 and the total including tax was $652.99. The receipt reflects the price of each item as well as a general description of the item. The general descriptions included the following: “work boot,” “Jack Daniels,” “Malibu 1.75L,” “Skyy Vodka,” “hoodie,” “jersey,” “t-shirt,” and “tote box.” The receipt also reflects the quantities of the items-there were three bottles of Jack Daniels, six hoodies, eight jerseys, and three t-shirts.
 

 Photographs were also presented of the items that were taken as State’s Exhibits 2 through 5. Mr. Levron explained that the photographs were taken inside of an office inside of the store where defendant was detained. He testified that the photographs were accurate depictions of the items that were recovered from defendant.
 

 In his allegation of error, defendant argues that the State failed to prove the value of each item and that the total value of the items was $500.00 or more. As such, he contends that the evidence as to the value of the goods was insufficient and his conviction must be set aside. Defendant argues that Mr. Levron was not familiar with the registers and the individual who scanned the items was not called to testify. He concludes that it is possible
 
 *858
 
 that there could be some discrepancy with the items scanned of which Mr. Levron has no knowledge. He also contends that Mr. Levron could not offer testimony from personal knowledge as to the value | sof any of the individual items, nor whether the value of the combined items reached the requisite amount of $500.00. He contends that the State failed to produce the items themselves, as well as any UPCs or price tags for the items.
 

 The constitutional standard for testing the sufficiency of the evidence, as enunciated in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 See State v. Ortiz,
 
 96-1609 (La.10/21/97), 701 So.2d 922, 930,
 
 cert. denied,
 
 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998);
 
 State v. Bailey,
 
 04-85, p. 4 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 954-55,
 
 writ denied,
 
 04-1605 (La.11/15/04), 887 So.2d 476,
 
 cert. denied,
 
 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005) (quotation omitted). Both the direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 State v. Harrell,
 
 01-841 (La.App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019. A reviewing court is required to consider the whole record and determine whether a rational trier of fact could have found defendant guilty beyond a reasonable doubt.
 
 State v. Price,
 
 00-1883 (La.App. 5 Cir. 7/30/01), 792 So.2d 180, 184.
 

 “Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude, according to reason and common experience, the existence of other connected facts.”
 
 State v. Kempton,
 
 01-572 (La.App. 5 Cir. 12/12/01), 806 So.2d 718, 722. “The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” LSA-R.S. 15:438. The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory |fiexplanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
 
 State v. Mitchell,
 
 99-3342,
 
 p.
 
 7 (La.10/17/00), 772 So.2d 78, 83.
 

 Defendant was convicted of theft of goods valued at $500.00 or more in violation of LSA-R.S. 14:67.10. Theft of goods is defined in LSA-R.S. 14:67.10(A) as “the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations.” This subpart further provides that “[a]n intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essentialf.]” LSA-R.S. 14:67.10(A). Such intent may be inferred when a person intentionally conceals, on his person or otherwise, goods held for sale. LSA-R.S. 14:67.10(A)(1).
 

 Therefore, in order to establish defendant’s guilt for this crime, the State was required to prove beyond a reasonable doubt: (1) that defendant misappropriated or took; (2) a thing of value; (3) which is held for sale by a merchant; (4) either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations; and (5) that defendant had the intent to deprive the merchant permanently of that which is the subject of the
 
 *859
 
 misappropriation or taking.
 
 State v. Green,
 
 02-883 (La.App. 5 Cir. 1/28/03), 839 So.2d 286, 288,
 
 writ denied,
 
 03-0848 (La.10/31/03), 857 So.2d 474. In addition, the State was required to prove the value of the stolen property, since the determination of the severity of the offense and the degree of punishment upon conviction depends upon the value of the stolen goods.
 
 State v. Banks,
 
 05-830, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1059, 1062. Theft is a crime of specific 17intent.
 
 Banks, supra.
 
 Specific criminal intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” LSA-R.S. 14:10(1).
 

 Defendant’s sole argument is that the State failed to present sufficient evidence of the value of the goods allegedly taken. We find this argument to be without merit, as the State presented adequate proof for the jury to find the value of the goods taken by defendant beyond reasonable doubt.
 

 In the present case, the State presented evidence to support the value element of the offense by means of the photographs of the receipt and merchandise, as well as the testimony of Mr. Levron, who watched as defendant concealed the items and then left the store without paying for them. Mr. Levron testified that the merchandise that was recovered from defendant was given to the Customer Service Manager. He testified that in his presence, the manager established a total count of the merchandise and then prepared a receipt for the items. The State presented a photograph of the receipt that reflected a description of the items taken by defendant and their prices, which totaled an amount over $500.00. Mr. Levron identified the photograph as an accurate depiction of the receipt that was made from the register in his presence and further testified that the receipt included a list of things recovered from defendant and included the prices that were associated with the goods. The accuracy of the prices printed on the receipt from the register was uncontrovert-ed.
 

 Although Mr. Levron was present when the receipt was prepared, he testified that he did not prepare the receipt himself because he was not allowed to use the register. On appeal, defendant contends that Mr. Levron was not the individual who scanned the items and the person who actually scanned the items 18was not called to testify. As such, defendant concludes that it is possible there could be some discrepancy with the items scanned in which Mr. Levron has no knowledge. This speculative argument is made without any legal support by defendant. He cites no legal support that the person who scanned the items, in Mr. Levron’s presence, was required to testify as to the prices of the items scanned, especially when the prices are reflected on the receipt presented at trial.
 

 In addition, the State presented photographs of the items recovered from defendant, identified by Mr. Levron. Defendant also suggests that the physical items should have been presented at trial for Mr. Levron to identify the items retrieved from defendant and to allow the jury to add up the prices of the merchandise retrieved. In addition, defendant challenges the photographs by suggesting that they did not show the items of clothing, individually. Again, defendant offers no legal support for this argument.
 

 The evidence presented by the State on the value of the items taken was uncontroverted. When presented with this evidence, the jury reasonably could have found that the State proved the value of the items taken by defendant. Mr.
 
 *860
 
 Levron was the sole witness who testified in this matter. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a conviction.
 
 State v. Stec,
 
 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787. It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence.
 
 Id.
 

 Accordingly we find that the evidence presented was sufficient to support defendant’s conviction of thefts of goods valued over $500.00 in violation of LSA-R.S. 14:67.10.
 

 |9We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and find the following which require our attention.
 

 The multiple bill commitment reflects that defendant “pleaded GUILTY” and was sentenced under the multiple bill statute. However, this commitment fails to reflect defendant’s specific status as a second felony offender. The transcript reflects defendant stipulated that he was a second felony offender. Since the transcript correctly states that the defendant was found to be a second felony offender, this Court hereby remands this matter with instructions to the trial court to correct the commitment to reflect that defendant was sentenced as a second felony offender. See
 
 State v. Alvarez,
 
 08-558, p. 8 (La.App. 5 Cir. 8/31/10), 47 So.3d 1018, 1023. Also, we direct the district court to make the entries in the minutes reflecting these changes and we direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced. See LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 For the above discussed reasons, defendant’s conviction and sentence are affirmed.
 

 AFFIRMED AND REMANDED