Having been convicted of second degree murder and 21 counts of simple burglary, this defendant, age seventeen at the time of the offenses, requested public funds to retain experts for a hearing pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Without complying with the guidelines set out by State v. Touchet , 93-2839 (La. 9/6/94), 642 So.2d 1213, defense counsel specifically requested public funds for the hiring of "a mitigation investigator, a fact investigator, a psychologist, an expert in trauma and a prison adjustment expert," arguing that the rules of capital sentencing should apply in a non-capital sentencing hearing. While I agree with the decisions of the lower courts denying such relief on the showing made, I would grant and docket this case in order for this Court to address the defense's analogy to a capital penalty hearing. Moreover, there is a growing need for this Court to set specific parameters and guidelines concerning the scope of a hearing pursuant to both Miller, supra and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).
The issue in such cases is ultimately whether or not a defendant, who committed such crimes as a juvenile, is entitled to parole eligibility at a certain point of incarceration. As I have previously written, in making this determination, a court should focus on the facts of the underlying conviction and defendant's criminal history, if any, as well as the defendant's behavior record during confinement.[1] Education, family background, and issues of family support would also likely prove helpful in the judge's determination. In this matter, while defense counsel has made no showing whatsoever for the necessity of public money for the five experts, I do believe that the Court has passed on a valuable opportunity to weigh in on the important issues bearing on a Miller hearing, and consequently, I would grant and docket the defendant's writ application for the Court to provide much needed guidance in this regard.

See State of Louisiana v. Montgomery, 13-KP-1163, 194 So.3d 606 (6/28/16) (Crichton, J., concurring) (.... "parole eligibility may be denied in the rare case of "irreparable corruption or irretrievable depravity"); and State ex rel. Alden Morgan , 15-0100 (La. 10/19/16), 217 So.3d 266 (Crichton, J., concurring) (noting the Orleans Parish District Attorney took stunning position that a "defendant does not face the functional equivalent of life imprisonment and that he would have-in the year 2082 and at age 101-a 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' ")