STATE OF LOUISIANA

VERSUS

CIRE JOHNSON

NO. 23-KA-309

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-49, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

December 27, 2023

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

<u>**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED**
**FOR RESENTENCING**</u>
    **FHW**
    **MEJ**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Andrea F. Long
     Taylor Somerville
     Kristen Landrieu

COUNSEL FOR DEFENDANT/APPELLANT,
CIRE JOHNSON
     Bertha M. Hillman

**WICKER, J.**

Defendant seeks review of his convictions and sentences for two counts of attempted resisting a police officer with force or violence. For the following reasons, we affirm defendant's convictions, vacate his sentences, and remand for resentencing.

## PROCEDURAL HISTORY

On February 8, 2023, the Jefferson Parish District Attorney filed a bill of information charging defendant, Cire Johnson, with one count of resisting a police officer with force or violence, in violation of La. R.S. 14:108.2. Defendant pled not guilty. A superseding bill of information was filed on February 15, 2023, adding a second count of resisting a police officer with force or violence, in violation of La. R.S. 14:108.2. The bill provides that count one occurred on January 3, 2023, and count two occurred on January 4, 2023. Defendant was arraigned on the superseding bill and pled not guilty.

After a one-day trial on March 15, 2023, a six-person jury found defendant guilty of the responsive verdict of attempted resisting a police officer with force or violence on each count. On March 27, 2023, the trial court sentenced defendant to one and one-half years of imprisonment on each count, and it ordered the sentences to run consecutively. Defendant now appeals arguing that his sentences are constitutionally excessive.

## FACTS

At trial, Deputy Alexander Tedesco of the Jefferson Parish Sheriff's Office (JPSO) testified that he was on patrol on January 3, 2023, when he, along with Deputies Noah Blackwell and Tramell Brooks, went to the parking lot of West Jefferson Medical Center in response to a complaint. Upon arrival, Deputy

Tedesco spoke with the complainant,[1] who advised that the suspect was defendant, Cire Johnson, and provided the address of 1230 Avenue D in the "Harvey/Marrero area."[2] The deputies discovered that defendant had an outstanding warrant for his arrest in relation to another investigation. Based on this information, the deputies went to the residence at 1230 Avenue D.

When they arrived, the officers met with defendant's girlfriend, Nickeya Royal, at the door, learned defendant was asleep in his bedroom, and entered the apartment. Deputy Tedesco stated that Deputy Brooks woke defendant up and advised him that he was under arrest for his outstanding warrant. According to Deputy Tedesco, when Deputy Blackwell placed him in handcuffs, defendant's demeanor became "uncooperative and aggravated." He recalled that defendant began aggressively pulling away from them and throwing his shoulders back and forth towards Deputy Blackwell. At that point, Deputy Blackwell placed defendant on the ground in order to stop further resistance and to avoid injuries. Deputy Brooks assisted Deputy Blackwell in picking up defendant and escorting him out of the residence. Deputy Tedesco followed behind them and tried to keep Miss Royal from interfering with the arrest, because she was trying to pull the deputies away from defendant.

Deputy Tedesco testified that defendant was irate, and he continued to pull away from the deputies and "throw his body around" while leaving the building. When they approached the marked police unit, Deputy Tedesco observed that defendant was being aggressive, so the other two deputies pushed him against the closest vehicle to regain control of him, and they placed him in Deputy Tedesco's patrol unit. He described that on the way to jail, defendant was "very irate and also very threatening."

---

[1] The complainant was later identified as the father of defendant's girlfriend, Nickeya Royal, though his name was not provided.

[2] Deputy Tedesco did not testify regarding the substance of the complaint.

Video footage was played for the jury during Deputy Tedesco's testimony. Deputy Tedesco indicated that he was wearing a body camera when defendant was arrested, and he identified the video footage. During his narration of the video, the deputy pointed out that defendant's head turned as the deputies walked toward the police unit. He later learned from Deputy Brooks that defendant spit on him at that time. Deputy Tedesco also testified that his patrol unit had a camera, and he narrated the footage from that date. He stated that Deputy Brooks tried to get defendant into the unit, but he refused to cooperate. Deputy Blackwell went to the other side of the vehicle and assisted in pulling defendant into the unit.

Deputy Tedesco also identified footage that was taken with Deputy Brooks' body camera at the jail on January 3, 2023. He explained that the video shows that the deputies got defendant out of the car at the "sally port"[3] and that he was combative and yelling in the face of a correctional officer. Defendant was placed against the wall in an attempt to gain control. Deputy Tedesco stated that defendant refused to walk into intake booking, so the deputies decided to grab him by his hands and feet in order to carry him inside. He further explained that as they carried him into an isolation-holding cell, defendant kicked his feet and kicked Deputy Brooks. Deputy Tedesco's involvement in the investigation ended, and defendant was released into the custody of the correctional center. The medical staff treated Deputy Tedesco for small cuts on his forearm that he sustained while assisting with defendant at intake booking.

JPSO Deputy Eric Martin, who works in "intake booking" at the Jefferson Parish Correctional Center, testified that on the morning of January 4, 2023, he began conducting roll call. Deputies started moving individuals from two "holding tanks" into one, in order to make roll call easier. Deputy Martin testified that after

---

[3] Deputy Tedesco explained that the "sally port" is a garage that deputies drive into in order to transport arrestees to intake booking.

opening the door of the tank holding defendant, he asked everyone to stand up, gather their belongings, and step next door. Defendant retreated to the back of the tank, removed his shirt, and paced the floor. Then, he started screaming explicit language to Deputy Martin, such as "You're going to have to f*cking kill me, or, You're going to have to f*ck me up to remove me from here." Due to defendant's demeanor, as well as the presence of other individuals in the tank, Deputy Martin deployed his taser in the "low ready position"[4] and then conducted a "warning arc."[5]

The deputy explained that after he conducted the warning arc, defendant stepped toward him in a calm manner. He assumed defendant was no longer a threat, so placed his taser back in the holster. However, Deputy Martin relayed that defendant was still belligerent and screaming, and he refused to step out of the tank after being ordered to do so three times. Deputy Martin then grabbed defendant by his left wrist and escorted him out of the tank. Defendant broke free from Deputy Martin's grasp and lunged forward toward Deputy Dorrell Braud, who was standing at the other tank. Deputy Martin grabbed defendant's arm and directed him away from Deputy Braud and towards the wall. He testified that defendant refused to turn around, and the deputies attempted to remove his shoes and place him in "detox." During this time, defendant twisted, turned, pulled away, and "took several swings" at the deputies. He stated that it took several deputies to place defendant on the floor as he struggled with them. Because of this behavior and for safety purposes, defendant was placed in "detox," which is a small cell for one person.

---

[4] Deputy Martin indicated that "low ready position" is when the taser is removed from the holster and pointed down, "not pointing towards anyone or anything like that."

[5] Deputy Martin testified that the taser allows a "warning arc" to be conducted without deploying any probes. He explained that he activated the taser, turned it on, and pushed a button on the side, which created a spark.

Deputy Martin identified video footage from the jail on that date, which was played for the jury, and it was consistent with his testimony. After this incident, Deputy Martin advised defendant that he was under arrest for another count of "resisting with force or violence." He said that defendant was advised of his *Miranda*[6] rights from a card, after which he stated, "F*ck you."

Deputy Dorrell Braud testified that he was employed by the JPSO and worked in intake booking at the correctional center on the morning of June 4, 2023. His testimony largely corroborated that of Deputy Martin. Additionally, Deputy Braud stated that prior to the incident, he informed Deputy Martin that he had gone to junior high school with defendant. For this reason, Deputy Martin decided that he would handle moving defendant to another holding cell instead of Deputy Braud. Deputy Braud stated that defendant saw him, stepped out, and swung at him, and that he responded by grabbing defendant's fist and escorting him to the ground. The deputy also viewed the video from the jail, which he described as showing the "scuffle."

## LAW AND DISCUSSION

On appeal, defendant does not set forth any arguments pertaining to his convictions or challenge the sufficiency of the evidence used to convict him on either count of attempted resisting an officer with force or violence. However, the Louisiana Supreme Court and this Court have reviewed the sufficiency of the evidence to support a conviction even where the defendant fails to raise the issue on appeal. *See State v. Raymo*, 419 So.2d 858, 860-61 (La. 1982);[7] *State v. Jackson*, 99-1256 (La. App. 5 Cir. 7/25/00), 767 So.2d 848, 852, *writ denied*, 00-

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[7] In *Raymo*, the Supreme Court held that "[b]ecause the state's case was devoid of evidence of an essential element of the charged offense. . . defendant's conviction and sentence must be set aside . . . regardless of how the error is brought to the attention of the reviewing court." *Raymo*, 419 So.2d at 861.

2528 (La. 10/5/01), 798 So.2d 960. Accordingly, we review the sufficiency of the evidence to support defendant's convictions.

The constitutional standard for sufficiency of the evidence is whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Chinchilla*, 20-60 (La. App. 5 Cir. 12/23/20), 307 So.3d 1189, 1195, *writ denied*, 21-274 (La. 4/27/21), 314 So.3d 838, *cert. denied*, -- U.S. --, 142 S.Ct. 296, 211 L.Ed.2d 138 (2021). This directive that the evidence be viewed in the light most favorable to the prosecution requires the reviewing court to defer to the actual trier of fact's rational credibility calls, evidence weighing, and inference drawing. *State v. Hayman*, 20-323 (La. App. 5 Cir. 4/28/21), 347 So.3d 1030, 1040; *State v. Clifton*, 17-538 (La. App. 5 Cir. 5/23/18), 248 So.3d 691, 702. Under the *Jackson* standard, a review of the record for sufficiency of the evidence does not require the reviewing court to determine whether the evidence at trial established guilt beyond a reasonable doubt, but whether, upon review of the whole record, any rational trier of fact would have found guilt beyond a reasonable doubt. *State v. Lane*, 20-181 (La. App. 5 Cir. 1/27/21), 310 So.3d 794, 804.

In the present case, defendant was charged with two counts of resisting a police officer with force or violence, in violation of La. R.S. 14:108.2. This statute provides, in pertinent part:

> A. Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:
>
> (1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.

(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.

(4) Using or threating force or violence toward a police officer performing any official duty.

Although defendant was charged with resisting a police officer with force or violence in violation of La. R.S. 14:108.2, he was convicted on each count of the lesser, responsive verdict of attempted resisting a police officer with force or violence. An attempt is "a separate but lesser grade of the intended crime" that occurs when the offender, "having the specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object." La. R.S. 14:27. Even though the evidence at trial may show that the crime attempted was actually completed by the defendant, he may nevertheless be convicted of an attempt to commit the crime. La. R.S. 14:27(C); *State v. Redell*, 22-457 (La. App. 5 Cir. 4/26/23), 361 So.3d 1153, 1163; *State v. Schrader*, 518 So.2d 1024, 1034 (La. 1988), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265, 112 L.Ed.2d 221 (1990).

In *State v. Musacchia*, 13-169 (La. App. 5 Cir. 12/12/13), 131 So.3d 286, 289, an officer, in full uniform, was responding to a domestic disturbance call and asked the defendant what happened. The defendant responded with "expletives, speaking with a belligerent, agitated tone, and took an aggressive stance" toward the officer. *Id*. at 289. When the officer attempted to escort the defendant to a nearby vehicle, the defendant shoved the officer's hand off of him and took a swing at the officer. After the officer attempted to secure the defendant and place him on the ground, a physical altercation ensued. *Id*. The altercation ended when a second officer intervened. After review, this Court held that the evidence was

sufficient to support both the charged offense of resisting an officer with force or violence, as well as the jury's verdict finding the defendant guilty of the lesser and included grade of attempted resisting an officer with force or violence. *Musacchia*, 131 So.3d at 292.

In *State v. Turner*, 51,228 (La. App. 2 Cir. 4/5/17), 217 So.3d 601, the defendant was charged with resisting a police officer with force or violence and was found guilty of attempted resisting a police officer with force or violence. In that case, police officers arrested the defendant for domestic abuse battery. After placing a handcuff on one of the defendant's wrists, the defendant jerked his arm loose and refused to allow the police to handcuff him. However, he was eventually handcuffed and arrested. *Id.* at 604. The defendant continually used expletives toward the officers, "had an attitude," was combative, and refused to get in the police vehicle. *Id.* at 608-09. On appeal, the defendant argued that there was insufficient evidence to support either the offense charged or his conviction for attempted resisting an officer with force or violence. The Court found that the evidence was sufficient to support the jury's finding that the defendant was guilty of attempted resisting a police officer with force or violence. *Turner*, 217 So.3d at 606-07.

In the instant case, Deputy Tedesco testified that during defendant's arrest on January 3, 2023, he was aggressive, uncooperative, irate, and "very threatening." He also stated that defendant continued to pull away from the deputies and throw his body around. Defendant refused to get into the police unit and had to be pulled into it by the deputies. According to Deputy Tedesco, when they arrived at the Jefferson Parish Correctional Center, defendant was combative, yelled in the face of a correctional officer, and kicked Deputy Brooks.

Deputy Martin testified that on the next day, January 4, 2023, he was involved in moving defendant from one cell to another. He testified that defendant

was belligerent, verbally aggressive, and uncooperative. Deputy Martin further testified that defendant refused to follow instructions, twisted, turned, pulled away, and "took several swings" at the deputies.

Based on our review of the record pursuant to *Raymo*, *supra*, we find that the State presented sufficient evidence under the *Jackson* standard to establish the essential statutory elements of attempted resisting an officer with force or violence on each count.

In his sole assignment of error on appeal, defendant argues that his consecutive, maximum sentences are unconstitutionally excessive. He claims that he is not the worst type of offender and that the trial court failed to consider mitigating evidence, including his lack of criminal history, employment history, family, and military career. After review, we are unable to review the merits of defendant's assignment of error, because we find that his sentences are indeterminate.

Defendant was convicted of two counts of attempted resisting a police officer with force or violence in violation of La. R.S. 14:108.2 and La. R.S. 14:27. La. R.S. 14:108.2(C) provides:

> Whoever commits the crime of resisting an officer with force or violence shall be fined not more than two thousand dollars or imprisoned with or without hard labor for not less than one year nor more than three years, or both.

La. R.S. 14:27(D) provides, in pertinent part, that whoever attempts to commit any crime shall be punished as follows:

> ***

> (3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

Therefore, under La. R.S. 14:108.2 and La. R.S. 14:27, the required penalty for each count was a fine not to exceed of one thousand dollars, or a term of imprisonment with or without hard labor not to exceed one and one-half years, or both.

The trial court failed to state on the record at sentencing whether the sentences on counts one and two were to be served with or without hard labor. The transcript reflects that the judge stated, "So that sentence is imprisonment with or without hard labor. And I'm sentencing him to one and a half years on each count to run consecutive." The sentencing minute entry indicates the sentences were to be served at hard labor. When there is a discrepancy between the minutes and the transcript, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

La. C.Cr.P. art. 879 requires a court to impose a determinate sentence. If the applicable sentencing statute allows discretion, the failure to indicate whether the sentence is to be served at hard labor is an impermissible indeterminate sentence. *State v. Bourgeois*, 22-418 (La. App. 5 Cir. 4/26/23), 361 So.3d 1138, 1152; *State v. Clark*, 20-167 (La. App. 5 Cir. 11/18/20), 306 So.3d 619, 637, *writ denied*, 20-1459 (La. 2/17/21), 310 So.3d 1150.

In *State v. Allen*, 17-685 (La. App. 5 Cir. 5/16/18), 247 So.3d 179, 192, *writ denied*, 18-1042 (La. 11/5/18), 255 So.3d 998, this Court found that the defendant received indeterminate sentences for his simple burglary convictions, where the applicable statute, La. R.S. 14:62, provided for a term of imprisonment "with or without hard labor for not more than twelve years." Although the commitment reflected that the defendant's sentences on these counts were imposed at hard labor, the transcript did not reflect that the judge indicated whether the sentences would be imposed at hard labor or would be served with the Department of

Corrections.[8]  Accordingly, since the applicable statute allowed discretion, this Court vacated the defendant's sentences and remanded the matter to the trial court for the imposition of a determinate sentence in accordance with La. C.Cr.P. art. 879.  *Id.* at 192.

Additionally, in *State v. Dixon*, 17-422 (La. App. 5 Cir. 3/14/18), 241 So.3d 514, 523-25, *writ denied*, 18-542 (La. 2/11/19), 263 So.3d 415, the defendant argued that his two and one-half year sentence for attempted possession of cocaine was unconstitutionally excessive.  This Court found that the trial court imposed an indeterminate sentence, because it failed to indicate whether the sentence was to be served at hard labor and the applicable statute allowed discretion.  Therefore, this Court vacated the sentence and remanded the matter to the trial court for resentencing.  *Id.* at 524-525.

In the present case, because the applicable sentencing statute, La. R.S. 14:108.2, allows discretion as to whether the sentence is to be served at hard labor, we find that defendant's sentences are indeterminate.  Accordingly, we vacate defendant's sentences, and we remand to the trial court for the imposition of a determinate sentence on each count, in accordance with La. C.Cr.P. art. 879.

**ERRORS PATENT**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).  Our review did not reveal any errors requiring corrective action, other than the sentencing error discussed above.[9]

---

[8] This Court has previously held that when the trial judge states that the defendant is sentenced to the "Department of Corrections," the sentence is necessarily at hard labor.  *State v. Jamison*, 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909 n.2.

[9] The transcript reflects that the trial judge did not advise defendant of the provisions of La. C.Cr.P. art. 930.8 at the time of sentencing.  However, this deficiency is moot, given this Court's decision to vacate defendant's sentences and remand for resentencing.  *See State v. Clark*, 19-522 (La. App. 5 Cir. 6/24/20), 299 So.3d 1228, 1237, n.14, *writ denied*, 21-62 (La. 3/9/21), 312 So.3d 585.

**DECREE**

For the foregoing reasons, we affirm defendant's convictions, vacate his sentences on counts one and two, and remand this matter to the trial court for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 23-KA-309

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
KRISTEN LANDRIEU (APPELLEE)
TAYLOR SOMERVILLE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053