PER CURIAM.
I!Writ granted. Defendant has filed both contradictory motions and subpoena requests ex parte with the request that the district court maintain them under seal, which request the district court has granted. Defendant justifies this practice as necessary to prevent the state from learning information that would otherwise be undiseoverable, and defendant cites State v. Touchet, 93-2839 (La.9/6/94), 642 So.2d 1213 in support.
As this court noted in State v. Tou-chet, ex parte hearings are generally disfavored with a few exceptions, and that “in order to deviate from the general rule of open and contradictory hearings, there must be a showing of good cause.” Id., 93-2839, p. 11; 642 So.2d at 1220. Nonetheless, in Touchet, this court found that “an indigent defendant may file a motion for expert funding ex parte.” Id., 93-2839, p. 14; 642 So.2d at 1221. The court based' that determination on the Fourteenth Amendment right to due process, citing Ake v. Oklahoma, 470 U.S. 68, 76, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985) (“This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a 12criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment’s due process guarantee of fundamental fairness, derives from the belief that-justice, cannot be equal where, .simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.”). The court also noted the potential unfairness in requiring an indigent defendant to prematurely disclose its defense to the state when a moneyed defendant would not be compelled to do the same. See, e.g., Touchet, 93-2839, p. 10; 642 So.2d at 1219.
The court, however,, declined to hold in Touchet “that revelations, of the reasons for needing experts are per se prejudicial.” Id., 93-2839, pp. 11-12; 642 So.2d at 1220, Instead, recognizing that not all disclosures pertaining to the defense will -result in unfairness, .the court found that the *722 district court should exercise its discretion to determine whether opening the hearing to the state would prejudice defendant in a substantial manner. Id., 93-2839, p. 12; 642 So.2d at 1220 (citing State v. Phillips, 343 So.2d 1047 (La.1977)), See generally Williams v. Florida, 399 U.S. 78, 81, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970) (upholding a Florida notiee-of-alibi rule and stating “[w]e need not linger over the suggestion that the discovery permitted the State against petitioner in this case deprived him of ‘due process’ or a ‘fair trial.’ ”).
Defendant here extends Touchet far beyond its reach. In -addition, the district' court erred in failing to determine whether defendant would suffer any substantial prejudice to his defense by disclosure of the items filed ex parte and placed under seal. Therefore, the matter is remanded to the district court for an in-camera review of each item filed by defendant ex parte and maintained under seal. To maintain |athese items under seal, the district court must determine that disclosing them to the state would be fundamentally unfair. After conducting the in camera review and making that determination, the district court shall also provide written or transcribed reasons.
KNOLL, J., dissents and assigns reasons.
WEIMER, J., recused.
CRICHTON, J., additionally concurs and assigns reasons.