PER CURIAM:
Writ granted; stay denied. Respondent filed a motion for state funding of expert witness services and further requested that the district court make that funding determination after conducting a hearing ex parte. Respondent, citing State v. Touchet , 93-2839 (La. 9/6/94), 642 So.2d 1213, contends his request for funds must be shielded from the State to ensure he has a fair opportunity to show that his crime did not reflect irreparable corruption in accordance with Montgomery v. Louisiana , 577 U.S. ----, ----, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016).
As this court noted in State v. Touchet , ex parte hearings are generally disfavored with a few exceptions, and that "in order to deviate from the general rule of open and contradictory hearings, there must be a showing of good cause." Id. , 93-2839, p. 11, 642 So.2d at 1220. Nonetheless, in Touchet , this court found that "an indigent defendant may file a motion for expert funding ex parte." Id. , 93-2839, p. 14, 642 So.2d at 1221. The court based that determination on the Fourteenth Amendment right to due process, citing Ake v. Oklahoma , 470 U.S. 68, 76, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985) ("This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake."). The court also noted the potential unfairness in requiring an indigent defendant to prematurely disclose its defense to the State when a moneyed defendant would not be compelled to do the same. See, e.g., Touchet , 93-2839, p. 10, 642 So.2d at 1219.
The court, however, declined to hold in Touchet "that revelations of the reasons for needing experts are per se prejudicial." Id. , 93-2839, pp. 11-12, 642 So.2d at 1220. Instead, recognizing that not all disclosures pertaining to the defense will result in unfairness, the court found that the district court should exercise its discretion to determine whether opening the hearing to the State would prejudice defendant in a substantial manner. Id. , 93-2839, p. 12, 642 So.2d at 1220 (citing State v. Phillips , 343 So.2d 1047 (La.1977) ). See generally Williams v. Florida , 399 U.S. 78, 81, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970) (upholding a Florida notice-of-alibi rule and stating "[w]e need not linger over the suggestion that the discovery permitted the State against petitioner in this case deprived him of 'due process' or a 'fair trial.' ").
*1038 The district court here abused its discretion in conducting the proceedings ex parte. Respondent failed to show that the hearing to determine whether he should be eligible for parole pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), will be unfair or that he will be prejudiced in a substantial manner if his request for state funding for expert services is litigated contradictorily in open court. Therefore, we vacate the district court's ruling authorizing funds, and we remand for an open and contradictory hearing on respondent's request for state funding of expert witness services.
VACATED AND REMANDED
CRICHTON, J., additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs
As I have noted previously, adversarial proceedings are the norm in our system of criminal justice, while ex parte proceedings are the disfavored exception that may be invoked in good faith only in very limited circumstances. See State v. Brown , 16-0274 (La. 4/22/16), 192 So.3d 720 (Crichton, J., concurring). In the present case, the defendant sought and obtained substantial public funding in an ex parte proceeding that defendant contends he needs to show he should be eligible for parole pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, ----, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016). While this court in State v. Touchet , 93-2839 (La. 9/6/94), 642 So.2d 1213, answered the very narrow question of whether and to what extent indigent defendants are entitled to ex parte hearings on their motions for state funding of expert witness services-and notably did not purport to create a general procedure by which indigent defendants can hide all of their filings from the public eye-this court has never expressed whether Touchet applies in the context of a Miller hearing that is conducted long after conviction (and in accordance with Montgomery ).
The present matter presents two separate questions: whether the request for such a significant public expenditure should have been litigated ex parte and out of the public eye, and whether defendant is entitled to the funds at all. The latter question cannot be answered because the proceedings were conducted ex parte and not transcribed. Furthermore, they were not filed under seal so that they could be subjected to appellate scrutiny.[1] Even assuming Touchet applies here, it is self-evident that ex parte proceedings must be conducted in the presence of a court reporter and the proceedings transcribed and filed under seal so that they can be reviewed. Cf. Touchet , 93-2839, p. 12, 642 So.2d at 1220 ("During the review of this interlocutory ruling, the application for funding and the trial court reasons for its denial or granting of an ex parte hearing shall both remain under seal so as to protect the defendant's case in the event of a favorable ruling.). Thus, the lack of a transcript of the ex parte hearing in this case is problematic.
In contrast, the former question is readily answered from the information available. Again, looking to Touchet for guidance while leaving the question open *1039 whether it applies in this context, defendant failed to show good cause, in the form of "some particularized prejudice to him by state participation in the hearing," to deviate from the norm of open and contradictory hearings. See Touchet , 93-2839, p. 11, 642 So.2d at 1220. Defendant's motion to conduct the proceedings ex parte contained only the most generic allegations of prejudice. Defendant's bare assertion that it would be unfair to compel him to reveal his "mitigation strategy" to the state does not suffice. Although no specific allegations of brain dysfunction or childhood trauma are presently before the court, I note that those sorts of factors would be encompassed within La.C.Cr.P. art. 878.1(C), be "well-known to the state", see Touchet , 93-2839, pp. 11-12, 642 So.2d at 1220, and the revelation of those reasons for needing experts would not be prejudicial per se to defendant. Accordingly, I see no justification for proceeding with such a substantial request for public funds for expert assistance in a Miller hearing out of the public eye and without participation by the State.

While the funding question cannot be answered without a transcript, in my view, there are strong indications before this court that the substantial funding requests were not well justified. Defendant provided examples of hourly billing rates and other funds (in excess of $20,000) that would be charged by various experts and investigators without ever alleging those specific experts were needed in his case. Regardless, without the transcript, it is not even apparent to this court what amount and for what purposes the district court authorized substantial public funds be expended.