PER CURIAM:
Writ granted. Relator pleaded guilty to murder in 1972 and was sentenced to imprisonment at hard labor for the balance of his natural life. At that time, the crime of murder was not differentiated into degrees. In Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders, finding instead that the sentencing court must first hold a hearing to consider mitigating factors, such as a defendant's youth and attendant characteristics, before imposing this severe penalty. In Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the United States Supreme Court further stated,
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.
Montgomery , 577 U.S. at ----, 136 S.Ct. at 736. Relator here seeks a Miller hearing. However, none is necessary because a provision of law exists remedying any Miller violation by providing for relator's parole eligibility.
Louisiana Revised Statute 15:574.4(D)(1) provides:
Notwithstanding any provision of law to the contrary, any person serving a *477 sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met ....
Relator is a person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense. Therefore, he shall be eligible for parole consideration pursuant to the provisions of the subsection (when all of the conditions enumerated in that subsection are met). The exception for a person convicted of first or second degree murder does not apply to him because he pleaded guilty to murder before the legislature in 1973 divided the crime of murder in Louisiana into separate offenses of first and second degree murder.
Therefore, we grant relator's writ application to direct the Department of Corrections to revise relator's prison master record to reflect that his sentence is not without benefit of parole. Further, the Department is directed to revise relator's prison master record according to the criteria in La.R.S. 15:574.4(D)(1) to reflect an eligibility date for consideration by the committee on parole pursuant to La.R.S. 15:574.4(D)(2), (3).
WEIMER, J., would remand to the district court for a hearing.
CLARK, J., would deny.