PER CURIAM:
*1149 Writ granted. Respondent pleaded guilty to murder in 1959 for an offense he committed as a juvenile and was sentenced to imprisonment at hard labor for the balance of his natural life. At that time, the crime of murder was not differentiated into degrees. In Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders, finding instead that the sentencing court must first hold a hearing to consider mitigating factors, such as a defendant's youth and attendant characteristics, before imposing this severe penalty. In Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the United States Supreme Court further stated:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.
Montgomery , 577 U.S. at ----, 136 S.Ct. at 736. Respondent here seeks resentencing to a sentence of life with the possibility of parole, which the state opposes, and the district court has granted funding for respondent to procure assistance in presenting mitigation evidence. However, a provision of law exists remedying any Miller violation by providing for respondent's parole eligibility. Louisiana Revised Statute 15:574.4(D)(1) provides:
Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met ....
Respondent is a person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense. Therefore, he shall be eligible for parole consideration pursuant to the provisions of the subsection (when all of the conditions enumerated in that subsection are met). The exception for a person convicted of first or second degree murder does not apply to him because he pleaded guilty to murder before the legislature in 1973 divided the crime of murder in Louisiana into separate offenses of first and second degree murder. See State ex rel. Jenkins v. State , 17-0302 (La. 8/31/18), 252 So.3d 476.
Therefore, we grant the state's writ application and reverse the trial court's grant of mitigation funding. However, we also direct the Department of Corrections to revise respondent's prison master record to reflect that his sentence is not without benefit of parole. Further, the Department is directed to revise respondent's prison master record according to the criteria in La.R.S. 15:574.4(D)(1) to reflect an eligibility date for consideration by the committee *1150 on parole pursuant to La.R.S. 15:574.4(D)(2), (3).
Crichton, J., additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons:
As I have noted previously, adversarial proceedings are the norm in our system of criminal justice, while ex parte proceedings are the disfavored exception that may be invoked in good faith only in very limited circumstances. See State v. Brown , 16-0274 (La. 4/22/16), 192 So.3d 720 (Crichton, J., concurring). In the present case, the defendant sought and shockingly obtained substantial public funding ($ 50,400) in an ex parte proceeding that defendant contends he needs to show eligibility for parole pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, ----, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016). Notably, defendant here need not even make that showing at all because he is automatically eligible for parole consideration in accordance with La.R.S. 15:574.4(D)(1). In the absence of the parole eligibility provided by this statute, however, I emphasize that the expenditure of public resources ought to be carefully tailored to the question of whether or not a defendant, who committed murder as a juvenile, is entitled to parole eligibility. As I have previously written, in making this determination, a court should focus on the facts of the underlying conviction and defendant's criminal history, if any, as well as the defendant's behavior record during confinement. See State v. Allen , 18-1042 (La. 11/5/18), 255 So.3d 998. Moreover, while there are certainly some instances where mitigation hearings such as these are absolutely necessary, those instances generally are the exception and not the norm. See State v. Harris , 18-KP-0686 (La. 6/15/18), 245 So.3d 1036 (Crichton, J., concurring, noting that defendant's generic allegation of prejudice did not rise to the level necessary for an ex parte hearing for public funds for a Miller hearing); See also State v. Pascual , 16-KP-2167 (La. 6/29/17), 222 So.3d 35 (Crichton, J., concurring, noting that "neither Miller nor Montgomery expressly requires government funding for an expert witness in every instance...." and "the necessity of an expert witness should be determined on a case-by-case basis).