

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,688-01

## IN RE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Relator

## ON PETITION FOR A WRIT OF MANDAMUS
## CHALLENGING TRIAL COURT'S DISCOVERY ORDERS
## IN CAUSE NO. 27347 FROM THE 278TH DISTRICT COURT OF
## WALKER COUNTY

NEWELL, J., delivered the opinion of the Court in which
KELLER, P.J., HERVEY, RICHARDSON, YEARY, KEEL, WALKER and
MCCLURE, JJ., joined. SLAUGHTER, J., filed a dissenting opinion.

The Office of Capital and Forensic Writs sought and received a

sealed, *ex parte* discovery order from the 278th District Court of Walker

County. The order compels Relator, the Texas Department of Criminal

Justice, to provide confidential records to the Office of Capital and

Forensic Writs. The Office of Capital and Forensic Writs seeks these records to assist in its preparation of an application for habeas corpus relief for inmate John Ray Falk, Jr., the Real Party in Interest, from his capital murder conviction and his death sentence.  As custodian of these records, Relator seeks leave from this Court to file a petition for a writ of mandamus.  We grant Relator leave to file and we conditionally grant mandamus relief.

Recently, this Court held in *In re City of Lubbock* that a trial court lacks authority enter an *ex parte* order to a third party for the production of records pursuant to an *ex parte* discovery request.[1]  As we explained, judges are prohibited from permitting or considering *ex parte* communications from a party to pending litigation unless expressly authorized by law.[2]   And there is no statutory or constitutional authorization for *ex parte* criminal discovery.[3]

Though this case deals with a post-conviction *ex parte* discovery request, it is nevertheless analogous to the *ex parte* discovery request at issue in *Lubbock* in crucial and dispositive respects.  Both requests are general discovery requests.   Neither seeks an appointment of

---

[1] *In re City of Lubbock*, 666 S.W.3d 546, 566 (Tex. Crim. App. 2023).

[2] *Id.* at 556.

[3] *Id.* at 563-64.

experts to assist in the Real Party In Interest's defense at trial. There is no statutory or constitutional authorization for either request to be considered *ex parte*. Regardless of whether the law is unclear regarding a trial court's authority to order discovery from a nonparty in a post-conviction proceeding, the law is clear that doing so *ex parte* must be expressly authorized.[4] There is no express authorization, in Article 11.071 or otherwise, for the *ex parte* discovery order in this case.[5] And as we clarified in *Lubbock*, the authority to consider matters *in camera* should not be confused with the ability to proceed *ex parte*.[6] Cases purporting to authorize *ex parte* proceedings when they actually deal with proceedings *in camera* do not provide express authorization for the type of *ex parte* discovery order at issue in this case.[7]

---

[4] *Id.* at 558 ("Absent express authorization, a trial court must not consider *ex parte* communications from one party without notice to the other concerning matters pending before court.").

[5] *Cf.* Tex. Code Crim. Proc. art. 11.071, § 3(b) (authorizing *ex parte* requests for prepayment of expenses, including expert fees, to investigate and present potential habeas corpus claims) & (d) (authorizing *ex parte* claims for reimbursement of counsel for expenses if expenses are reasonably incurred).

[6] *Lubbock*, 666 S.W.3d at 555-56.

[7] Despite the Court's holding in *In re Lubbock*, the dissent suggests ample authority supports discretionary *ex parte* communications even when not expressly authorized. However, the authority relied upon does not support the proposition that *ex parte* communications be used for routine discovery requests. *See United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987) (noting *ex parte* proceedings require compelling justification but relying upon examples that involve *in camera* proceedings not *ex parte* proceedings and ultimately concluding the district court abused its discretion by proceeding *ex parte*) (citing *United States v. Dupuy*, 760 F.2d 1429, 1501 (9th Cir. 1985) (*in camera* review of plea bargain notes); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir. 1985) (*in camera* review of

Regardless of whether the law governing post-conviction discovery is completely settled, the law requiring express authorization for *ex parte* communications is settled.[8] Applicant's *ex parte* request and the trial court's *ex parte* order were entered prior to Applicant filing an application for a writ of habeas corpus but there is no express authorization for such *ex parte* proceedings pre-filing. Furthermore, the suggestion that there was no adversarial proceeding to which the State

---

Border Patrol report); *United States v. McLaughlin*, 525 F.2d 517, 519 (9th Cir. 1975) (*in camera* hearing regarding disclosure of informant's identity)); *United States v. Napue*, 834 F.2d 1311, 1320 (7th Cir. 1987) (considering the government's reasons for objecting to certain discovery disclosures based on safety concerns *in camera* but noting "potentially significant problems" with the use of *ex parte* communications); *People v. Thompson*, 384 P.3d 693, 737 (Cal. 2016) (concluding trial court acted properly in excluding defendant from a hearing between the prosecution and co-defendant that involved co-defendant's discovery obligations because defendant was not a "person who [had] a legal interest in the proceeding" within the meaning of judicial canon prohibiting *ex parte* proceedings); *People v. Valdez*, 281 P.3d 924, 955 (Cal. 2012) (state law authorized *in camera* hearing regarding disclosure of witness identities and defendant could not complain about such hearings held before he was arrested or after, which he had advance notice of and failed to object to, and any error in the court proceeding *ex parte* in this manner was harmless ); *State v. Harris*, 245 So.3d 1036 (La. 2018) (holding the district court abused its discretion to proceed *ex parte*); *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988) (refusing to consider affidavits submitted improperly as *ex parte* communications noting no emergency justified disregarding the rule disfavoring such *ex parte* communications and citing examples of specific statutory authorizations for *ex parte* communications); *United States Gov't. v. Marks*, 949 S.W.2d 320, 325 (Tex. 1997) (district court did not err to hear government's objection to the taking of a deposition it alleged would hamper an on-going grand jury investigation *in camera* holding such a procedure could be used in an extraordinary circumstance). Several of these cases appear to fail to appreciate the distinction between *ex parte* and *in camera* inspections. In any event, a recognition that there may be extraordinary, emergency, or limited and compelling circumstances in which an *ex parte* communication may be permitted does not support the use of *ex parte* communications for general discovery requests like the one at issue in this case. While certainly a capital murder case is a serious case, an otherwise general discovery request does not become an extraordinary or emergency circumstance simply because this is a capital case.

[8] *Lubbock*, 666 S.W.3d at 566.

was a "party" at that time disregards the State's on-going discovery obligation under Article 39.14.[9]  In addition to its on-going discovery obligation, the State maintains an interest in the enforcement of the penal laws of Texas and by extension the enforcement of the criminal judgment.[10]  Further, in the death penalty context, the State is a party to the concurrent direct appeal in a capital case.[11]  The State is a party to the post-conviction application in this case.[12]   And the order in this case was requested and issued *ex parte*.

We hold that the trial court lacked authority to enter the *ex parte* order for records in this case.[13]  We grant leave to file and conditionally

---

[9] Tex. Code Crim. Proc. art. 39.14(k) ("If at any time, before, during, or after trial the state discovers any additional document, item, or information required to be disclosed . . . the state shall promptly disclose the existence of the document, item, or information to the defendant or the court.").

[10] *See Ex parte Moreno*, 245 S.W.3d 419, 429 (Tex. Crim. App. 2008) (recognizing the State possesses a legitimate interest in "the repose and finality of its convictions"); *Ex parte Woods*, 296 S.W.3d 587, 613 n. 41 (Tex. Crim. App. 2009) (noting that courts must "seek through the writ of habeas corpus to balance fundamental fairness to criminal defendants and the State's legitimate interest in the finality of litigation.").

[11] *See* Tex. Code Crim. Pro. art. 11.071 §§ 2(b) (appointment of habeas counsel immediately after judgment is entered if defendant desires appointment of counsel); 3(a) (mandating that the habeas investigation begin before and after the appellate record is filed) & 4(a) (application must be filed not later than the 180th day following appointment of counsel or the 45th day after the filing of the State's original brief on direct appeal).

[12] *See* Tex. Code Crim. Pro. art. 11.071 § 7(a) ("The state shall file an answer to the application for a writ of habeas corpus not later than the 120th day after the date the state receives notice of the issuance of the writ.").

[13] As in *Lubbock*, we resolve this case without otherwise addressing the scope of the habeas court's inherent authority because it lacked the authority to proceed *ex parte*. *Lubbock*, 666 S.W.3d at 553 ("Neither do we need to address whether the trial court had the inherent authority to issue the order in this case.  Rather, as we will explain below, we need only decide

grant Relator's petition for a writ of mandamus.  The writ of mandamus will issue only in the event that the district court fails to comply with this opinion.

Delivered: June 14, 2023

Do Not Publish

---

whether the *ex parte* nature of the proceeding was expressly and constitutionally authorized. It was not.").